Curran, Dennis J., J.
This case involves a breach of a written two-year employment contract filed by a former employee against his corporation and its president.
With ardor, the corporation pursued Mr. Walter P. Hastings, an employee comfortably ensconced at a nearby company, because its financial management was, politely speaking, lacking. They whispered sweet incentives that ripened into a two-year written contract drafted by the corporation’s president, and showing apparent commitment, signed by the president both individually and in behalf of his company. That siren song, in the form of the contract, offered an annual salary of $85,000 for two years (renewable at one year intervals), health insurance (in lieu thereof, a $500 monthly payment), a short-term disability-package for six months, three weeks’ paid-vacation, ten paid holidays and a $100,000 life insurance policy.
The bloom fell off the rose when Mr. Hastings quickly discovered the extent of his new employer’s financial difficulties and the near-impossible challenges presented by the job. Just two weeks before he was terminated, he warned the corporate President: “. . . [A)s Financial Controller, [I] am not comfortable in knowingly issuing checks & payments for which the company does not have sufficient funds available.” (See letter of Walter Hastings dated July 3, 2009.) Indeed, the corporate president signed an acknowledgment of this advisory.
Shortly thereafter, Mr. Hastings, no longer the object of his suitor’s eyes, was suddenly terminated. In common legal hyperbole, the corporate attorney now claims that Mr. Hastings was a “one-man doomsday machine” who, he claims, “. . . caused serious and lasting damage to the corporation’s reputation with customers and vendors . . . and that [he] would typically not come to work if [his employer’s] bank balance was low . . . Several times when he left work in the middle of the day, he was seen in a barroom in Leicester soon thereafter." Given the pickle in which Mr. Hastings now found himself, one pauses to consider the reason for such a course.
Mr. Hastings’s plaint seeks trustee process attachments. A hearing was held on this motion yesterday afternoon.
DISCUSSION
Despite sympathy for Mr. Hastings’ plight, this case is governed by Klein v. President & Fellows of Harvard College, 25 Mass.App.Ct. 204, 208 (1987), which held that:
Even if the plaintiffs employment was for a set, specific period of time, neither her agreement with [her employer] nor the law guaranteed her employment for that period irrespective of her job performance.
Klein actually involved a contract that subjected the employee to removal for ”... grave misconduct or whenever . . . [her] duties are not satisfactorily discharged”; the contract at issue here contained no such language. But there can be no question that Klein requires that we read such contracts through the lens that continued employment is not guaranteed, but *91 rather, due to the unusual nature of the employment relationship, is conditional. Thus, such contracts permit discharge for “just, good or due cause at least, but not more.” Id.
This interpretation requires that an employer base its discharge decision on “. . . (1) a reasonable basis for [ ] dissatisfaction with a new employee, entertained in good faith, for reasons such as lack of capacity or diligence, failure to conform to usual standards of conduct or other culpable or inappropriate behavior, or (2) [ ] grounds [ ] reasonably related, in the employer’s honest judgment, to the needs of his business.” Such a discharge contrasts with a decision rendered arbitrarily, capriciously or in bad faith." Id., citing G&M Employment Serv., Inc. v. Commonwealth, 358 Mass. 44, 47-48 (1970).
Adequate bases for this discharge are contained in an affidavit filed by the defendant Howard. Such reasons constitute a reasonable basis for the employer’s dissatisfaction with Mr. Hastings’s job performance; such action was also reasonably related to the needs of the defendants’ business.
Thus, I am constrained by law to conclude that there is no reasonable likelihood Mr. Hastings will recover judgment against the defendants.
ORDER
For the foregoing reasons, Mr. Hastings’s motions for trustee process attachment must be DENIED.